UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHNONE HILL,

    Plaintiff,

v.

TOM DART, Sheriff of Cook County, and
COOK COUNTY, ILLINOIS,

    Defendants.

No. 15 C 113
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Shnone Hill brings this action against Defendants Cook County and its Sheriff, Thomas Dart, in his official capacity, under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights by failing to provide him with adequate medical care while he was detained at the Cook County Jail.

Defendants have moved to dismiss for failure to state a claim under Rule 12(b)(6). For the following reasons, I am denying Defendants' motion.

## BACKGROUND

Plaintiff was a detainee at the Cook County Jail in early January 2013 when he sought medical assistance because he was suffering from severe pain in his lower back and legs, difficulty walking, and problems with other bodily functions.

Plaintiff alleges that, "[a]t all times relevant, there was a widespread practice at the Cook County Jail that resulted in unreasonable delay in arranging for detainees at the Jail to receive medical treatment from medical specialists outside of the Cook County Jail campus." Plaintiff claims that he did not receive any medical treatment and suffered severe pain because of this widespread practice.

1

Plaintiff also alleges that Defendant should have been on notice of this widespread practice, and to support this allegation, cites to a July 11, 2008 report from the United States Department of Justice, a medical monitor report in *United States v. Cook County*, 10-cv-2946, and three other civil rights cases filed in Northern District of Illinois where a Plaintiff alleges a similar widespread practice in the Cook County Jail system.

Following his release from custody, Plaintiff received medical treatment and learned that he had an L5/S1 disk herniation that required an L5 laminectomy and discectomy.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) does not test the merits of a claim; rather it tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**DISCUSSION**

"Section 1983 creates a cause of action against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Blossom v. Dart*, 64 F.Supp.3d 1158, 1161 (N.D.Ill. 2014) (quoting 42 U.S.C. § 1983). "The Due Process Clause of the Fourteenth Amendment prohibits 'deliberate indifference to the serious medical needs of pretrial detainees.'" *Pittman ex rel. Hamilton v. Cty. of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir.

2014) (quoting *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991)). To sustain a § 1983 claim for denial of medical care, Plaintiff must show that Defendants knew that he had an objectively serious medical condition, Defendants were deliberately indifferent to providing the treatment Plaintiff needed, and their indifference caused plaintiff harm. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

I.     *Monell* Liability

Plaintiff's official-capacity allegation against Defendant Dart is just another way of suing Cook County. "Official capacity suits are simply a way of pleading an action against an entity of which the officer is an agent." *Crockwell v. Dart*, No. 13 C 4880, 2013 WL 6796788, at *2 (N.D.Ill. Dec. 23, 2013) (citing *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011)); *see also Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999) ("A claim against a government employee acting in his official capacity is the same as a suit directed against the entity the official represents.").

Municipal entities, such as Cook County and Sheriff Dart in his official capacity, "may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)).

Here, Plaintiff has stated a valid *Monell* claim because the complaint sets forth the exact practice Plaintiff complains of—the "unreasonable delay in arranging for detainees at the Jail to receive medical treatment from medical specialists outside of the Cook County Jail campus"—and how this practice harmed Plaintiff. These allegations are sufficient to raise a

3

plausible claim as to the existence of a policy, practice, or custom that resulted in Defendants acting with deliberate indifference to Plaintiff's medical needs.

## II.     Responsibility of Defendant Dart for Providing Medical Care

Defendant also argues that Plaintiff has failed to state a claim against Defendant Dart because Cook County alone, not Defendant Dart, is responsible for providing medical care to detainees. This argument fails.

It was the responsibility of Defendant Dart, as the official who controls and supervises Cook County Jail, to "ensure that the medical needs of inmates are adequately met," regardless of whether, as a practical matter, medical tasks were actually carried out by the Sheriff or delegated to some other agency or entity. *Hampton v. Hart,* No. 09 C 6269, 2011 WL 2837407, at *7 (N.D.Ill. July 18, 2011) (citing *Roe v. Elyea,* 631 F.3d 843, 860 (7th Cir. 2011)). By alleging that Defendant Dart failed in that responsibility, Plaintiff states a claim against him.

## CONCLUSION

For the reasons set forth above, I am denying Defendants' motion to dismiss.

ENTER:

*[signature: James B. Zagel]*

James B. Zagel
United States District Judge

DATE: September 22, 2015